**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60879

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LEROY BAYMON, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

November 15, 2002

Before HIGGINBOTHAM, DUHE! and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Leroy Baymon, Jr., was charged by bill of information with four counts of being a public official who accepted a thing of value in return for introducing prohibited contraband into a federal prison in violation of 18 U.S.C. § 201(b)(2)(C). Pursuant to a plea agreement, he pled guilty to two counts of the bill of information. In the plea agreement, Baymon waived his right to appeal his conviction and his sentence. He was sentenced and now appeals claiming that his waiver does not prevent this appeal, the

district court committed plain error because the conduct alleged by the government and admitted by him did not constitute a violation of 18 U.S.C. § 201(b)(2)(C), and, in the alternative, pursuant to the United States Sentencing Guidelines he should have been given a reduction in his sentence for acceptance of responsibility.

**BACKGROUND**

Leroy Baymon, Jr., worked as a cook foreman at Yazoo City Federal Correctional Facility. On April 17, 2001, Baymon was charged by bill of information with four counts of accepting bribes to introduce contraband into a federal correctional facility. Counts 1 and 2 alleged Baymon received postal money orders in exchange for smuggling in cell phones. Counts 3 and 4 alleged Baymon received $300 in postal money orders in exchange for smuggling in a watch and a chain and medallion. All these items were considered prohibited contraband and employees of the prison were not allowed to give these items to prisoners.

On June 18, 2001, Baymon waived indictment and pled guilty to counts 3 and 4 pursuant to a plea agreement, which contained an appeal waiver. The waiver provision stated in pertinent part:

> The Defendant . . . hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code and any type of proceeding claiming double jeopardy or excessive

2

penalty as a result of any forfeiture ordered or to be ordered in this case.

R. at vol. 1, p. 15.

During the guilty plea hearing on June 18, 2001, Baymon was placed under oath and he admitted to being a "public official" working at the prison and that he smuggled in prohibited contraband in exchange for the postal money orders. Additionally, before accepting Baymon's guilty plea, the district court directed Baymon to listen to the prosecutor's description of "any Memorandum of Understanding that [the prosecutor] might have with this defendant, particular referencing any waivers of appeal that may be contained therein." R. at vol. 2, p. 12. The prosecutor then recited the terms of the plea agreement. Then the court made sure the agreement was signed by all the parties. Following a recital of the factual basis for the plea by the prosecutor, which referenced Baymon's status as an employee at the Yazoo City facility, the defendant acknowledged his guilt and the district court accepted the plea.

On October 9, 2001, Baymon was sentenced to six months in prison on each count, to run concurrently; three years of supervised release, and a $200 special assessment.

On appeal, Baymon argues that neither his unconditional guilty plea nor the appeal waiver contained in his plea agreement prevents this appeal. He argues that the factual basis was insufficient to support his plea insofar as it failed to establish that he was a

3

"public official" pursuant to 18 U.S.C. § 201(a). Further, Baymon argues that the district court clearly erred in failing to award him a reduction in his sentence for acceptance of responsibility.

The Government argues that Baymon has waived his opportunity to challenge the factual basis of the bill of information by virtue of his unconditional guilty plea and the appeal waiver provision in the plea agreement. Morever, according to the government, under the plain error standard the evidence was sufficient to show that Baymon was a "public official" within the meaning of 18 U.S.C. § 201. Finally, the government asserts that the district court properly refused to award Baymon a reduction in sentence for acceptance of responsibility.

## DISCUSSION

<u>Whether Baymon's guilty plea and waiver of his right to appeal in the plea agreement prevent the Court from addressing this appeal.</u>

This Court must determine whether Baymon's unconditional guilty plea with his admission that he was a public official and his waiver of his right to appeal in his written plea agreement prevent his appeal in this case. This is a question of law and, therefore, we review the issue *de novo*. **United States v. Izydore**, 167 F.3d 213, 223 (5th Cir. 1999).

The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement. **United States v. Dees**, 125 F.3d 261, 269 (5th Cir. 1997)("So long as a plea is informed and voluntary, we

4

will enforce a waiver of appeal."), *cert. denied*, 522 U.S. 1152 (1998). However, even if there is an unconditional plea of guilty or a waiver of appeal provision in a plea agreement, this Court has the power to review if the factual basis for the plea fails to establish an element of the offense which the defendant pled guilty to. *United States v. Spruill*, 292 F.3d 207, 214-15 (5th Cir. 2002) (vacating sentence because factual basis was not established as to an element of the charge, that being that predicate order was issued after a "hearing" as contemplated by 18 U.S.C. § 922(g)(8)(A)); *United States v. White*, 258 F.3d 374, 380, 384 (5th Cir. 2001) (reversing because bill of information did not establish the existence of the predicate offense required for conviction under 18 U.S.C. § 922(g)(9)); *United States v. Johnson*, 194 F.3d 657, 659, 662 (5th Cir. 1999), *vacated and remanded*, 530 U.S. 1201 (2000), *opinion reinstated with modification*, 246 F.3d 749 (5th Cir. 2001) (reversing because factual basis did not establish that arson was of church that was used in or affected interstate commerce, as required under 18 U.S.C. § 844(I)). "A trial court cannot enter judgment on a plea of guilty unless it is satisfied that there is a factual basis for the plea." *Johnson*, 194 F.3d at 659. "The purpose underlying this rule is to protect a defendant who may plead with an understanding of the nature of the charge, but 'without realizing that his conduct does not actually fall within the definition of the crime charged.'" *Id.* (citing *United*

5

*States v. Oberski*, 734 F.2d 1030, 1031 (5th Cir. 1984) (quoting *United States v. Johnson*, 546 F.2d 1225, 1226-27 (5th Cir. 1977))).

Although *Spruill*, *White*, and *Johnson* are not directly applicable to this case because in those cases either the bill of information failed to allege a factual element of the crime, or the defendant brought a motion to dismiss before pleading guilty, or the plea agreements were conditional, the Court in those cases allowed the defendants to appeal issues which by the terms of the parties' plea agreements were waived. *Spruill*, 292 F.3d at 211-12, 215; *White*, 258 F.3d at 380; *Johnson*, 194 F.3d at 659-60. Accordingly, Baymon is challenging the sufficiency of the factual basis for his plea, and we can review despite the waiver. This Court, however, has not addressed what type of waiver provision, if any, would be sufficient to "accomplish an intelligent waiver of the right not to [be] prosecuted (and imprisoned) for conduct that does not violate the law." *Spruill*, 292 F.3d at 215 (citing *White*, 258 F.3d at 380) (internal quotations omitted). And it is unnecessary to do so in this case, because, as we indicate below, it was not plain error to accept that Baymon was a public official, as defined by 18 U.S.C. § 201(a) and, therefore, there was a sufficient factual basis to support the plea.

<u>Whether Baymon was a public official so that the factual basis was</u>
<u>sufficient to support his guilty plea to the bribe charges.</u>

This Court needs to determine whether it was error for the district court to accept Baymon's plea based on the fact that he was an employee of the Bureau of Prisons at time of the offense and he admitted to being a public officer.  Baymon did not object in the district court that he was not a "public official."  Therefore, we apply the plain error standard to his sufficiency challenge, as the issue is raised for the first time on appeal.  *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc), *cert. denied*, 122 S. Ct. 37 (2001).  Plain error requires Baymon to show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000).  While there is no controlling authority on point indicating Baymon is clearly not a "public official" and therefore could establish plain error, this Court has nonetheless stated in *Spruill* that the fact that the particular factual and legal scenario presented does not appear to have been addressed in any other reported opinion does not preclude an asserted error from being sufficiently plain to authorize reversal.  292 F.3d at 215 n.10.  Therefore, we must address who is a "public official" and find error only if Baymon is plainly not a "public official."

7

Section 201 defines the term "public official" to include "an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, . . . in any official function, under or by authority of any such department, agency, or branch of Government." 18 U.S.C. § 201(a)(1). The federal bribery statute "has been accurately characterized as a comprehensive statute applicable to all persons performing activities for or on behalf of the United States, whatever the form of delegation of authority." *Dixson v. United States*, 465 U.S. 482, 496 (1984) (internal citations and quotations omitted).

In *United States v. Thomas*, this Court held that a privately employed guard whose employer contracted with the INS to house INS detainees was a "public official" under § 201, because he performed the same duties as a federal corrections officer and thus occupied a position of trust with official federal responsibilities. 240 F.3d 445, 448 (5th Cir.), *cert. denied*, 532 U.S. 1073 (2001). In so holding, this Court distinguished *Krichman v. United States*, 256 U.S. 363 (1921), in which the Court refused to hold that a baggage porter who was bribed to deliver furs at a time when the government had taken possession of the railroad system was a "public official," because he was not acting for the United States in an official function. *Thomas*, 240 F.3d at 448 (citing 256 U.S. at 366).

In this case, the bill of information classifies Baymon as a "public officer" by virtue of his employment with the Bureau of Prisons at a federal correctional facility. R. at vol. 1, p. 2. Baymon admitted to being a "public officer." R. at vol. 2, p. 9. Baymon agreed with the prosecutor's Memorandum of Understanding, which indicated Baymon was a public official. R. at vol. 2, p. 12-13. Finally, Baymon states in his brief that he was a "cook foreman" employed at the Yazoo City Facilty. Brief for Appellant at 3.

The fact that Baymon was a federal employee with official functions is sufficient, under the plain error standard, to find he is a public official. *See* 18 U.S.C. 201(a). Moreover, Baymon's case is distinguishable from ***Krichman*** insofar as Baymon was employed by the Bureau of Prisons, which is different from employment with a private railroad company that was taken over for a time by the federal government. *See **Krichman***, 256 U.S. at 366. And, although his position as supervisory cook arguably does not give him the same amount of official functions to carry out as a correctional officer, he nonetheless holds a position with some degree of responsibility. *See **Thomas***, 240 F.3d at 448. The record is scant as to Baymon's responsibilities but the fact that he violated rules of employment as a federal employee by accepting a thing of value in exchange for smuggling in contraband and was therefore released from his employment is sufficient factual

9

support to find, under the plain error standard, that he had responsibilities which he did not keep. Thus he is not plainly outside of the definition of "public official." Therefore, there was a sufficient factual basis for accepting a guilty plea.

<u>Whether Baymon should have received an adjustment for acceptance of responsibility</u>

In his plea agreement, Baymon expressly waived appeal of the "sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever." R. at vol. 1, p. 15. A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is made knowingly and voluntarily. **United States v. Melancon**, 972 F.2d 566, 567 (5th Cir. 1992). Any appeal in contravention of the waiver provision should be dismissed. **Id**. at 568. Under Federal Rule of Criminal Procedure 11(c)(6), the district court must advise the defendant of "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(c)(6).

In this case, the district court instructed the prosecutor to inform Baymon of any appeal waiver provision in the plea agreement. The Prosecutor responded that the agreement provided that "the defendant waive[d] his right to appeal the conviction and the sentence imposed in this case on any ground, and he also waives all post-conviction attacks upon his conviction or sentence." R. at

10

vol. 2, p. 13.  Baymon did not argue then, nor does he now, that the waiver provision was made unknowingly or involuntarily; therefore, he has waived his right to appeal the sentence.

**CONCLUSION**

Having carefully reviewed the record of this case and the parties' respective briefing, for the reasons set forth above we conclude that there was no plain error and there was a sufficient factual basis to accept Baymon's plea.  Furthermore, Baymon has waived his appeal as to sentencing.  Accordingly, we DISMISS THE APPEAL as to sentencing, and AFFIRM his conviction.