United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-20481
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-55
--------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Rene Gonzalez entered guilty pleas to charges of conspiracy to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana and conspiracy to launder monetary instruments. He was sentenced to concurrent terms of 210 months' imprisonment and to a total of five years' supervised release.

Gonzalez challenges his guilty plea to the marijuana charge on the ground that the factual basis was not sufficient to establish his involvement with the drug quantity on which his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was based.  Gonzalez argues that his unconditional guilty plea and his waiver of the right to appeal his sentence do not preclude his challenge to an illegal sentence.

We review a challenge to an appeal waiver de novo.  United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).  A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary.  United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

Gonzalez waived "the right to appeal the sentence or the manner in which it was determined or on any ground whatsoever." The agreement made no promises regarding the length of the sentence and stated that the sentence was to be "imposed within the discretion of the sentencing judge."  The agreement provided that even if the district court imposed the maximum sentence established by statute, Gonzalez would not, for that reason alone, seek to withdraw his plea or pursue an appeal.

The district court ascertained at the rearraignment that Gonzalez understood the charges, the potential penalty he faced, and the terms of the appeal waiver.  Gonzalez's sentence was within the applicable guideline range and was not in violation of law.  United States v. Kirk, 111 F.3d 390, 393 (5th Cir. 1997). The record shows that Gonzalez knowingly and voluntarily waived the right to appeal his sentence.  Robinson, 187 F.3d at 517. Accordingly, Gonzalez's appeal of the sentencing is DISMISSED. Baymon, 312 F.3d at 729-30.

Because Gonzalez did not challenge the factual basis for the plea in the district court, our review of his challenge to the factual basis is for plain error only. <u>United States v. Vonn</u>, 122 S. Ct. 1043, 1046 (2002). Plain error review requires Gonzalez to show that there is a clear and obvious error that affects his substantial rights. <u>United States v. Marek</u>, 238 F.3d 310, 315 (5th Cir. 2001) (<u>en</u> <u>banc</u>).

The presentence report ("PSR") established Gonzalez's involvement with over 1,000 kilograms of marijuana, and Gonzalez has provided no evidence to rebut the information in the PSR. <u>United States v. Vital</u>, 68 F.3d 114, 120 (5th Cir. 1995). At sentencing, Gonzalez conceded involvement with 5,000 pounds of marijuana. Gonzalez has not shown error, much less plain error, concerning the sufficiency of the factual basis. <u>Marek</u>, 238 F.3d at 315. Gonzalez's convictions are AFFIRMED.