United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-20846
c/w No. 02-20847
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARPAN GUPTA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-96-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Arpan Gupta appeals three of his convictions and sentences
imposed following his pleas of guilty to seven counts of
structuring currency transactions to evade reporting
requirements.  Gupta was sentenced to terms of imprisonment of 21
months on each count, the terms to run concurrently.

Gupta argues that the district court plainly erred in
determining that there were adequate factual bases for his pleas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because his conduct did not constitute a crime.  He argues that the bank from which he purchased multiple cashier's checks in amounts less than $10,000 had a duty to treat the transactions as a single transaction and to report them in accord with 31 C.F.R. § 103.22(c)(2).  He argues that because his transactions were in effect a single transaction, he was not evading the reporting requirement.

The record reflects that Gupta knew of the relevant reporting requirements and knowingly structured currency transactions in order to evade reports on his withdrawals.  The district court did not plainly err in determining that there was an adequate factual basis for Gupta's guilty pleas.  See 31 U.S.C. § 5324(a)(3); United States v. Threadgill, 172 F.3d 357, 371 (5th Cir. 1999).

Gupta also challenges the manner in which his guideline sentences were determined and also argues that the district court erred in denying his FED. R. CRIM. P. 35 motion to reduce his sentence for lack of jurisdiction.  The Government argues that Gupta waived his right to appeal his sentence in the plea agreements and that the court should enforce the appeal waiver provisions.

A review of the record refutes Gupta's arguments that the waiver provisions were ambiguous or that the district court gave him conflicting information regarding the waiver during his rearraignment.  The waiver provisions were clearly stated in the

plea agreements signed by Gupta and the plea agreements, including the waivers, were discussed during the rearraignment hearing.  Gupta was given the opportunity to question the court about any provisions in the plea agreements.  There was no indication in the record that Gupta was confused about the nature of the waiver provisions.  The record reflects that Gupta knowingly and voluntarily gave up his right to appeal his sentences, except for the limited noted exclusions.  See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

Gupta's challenge to the denial of his FED. R. CRIM. P. 35 motion to reduce his sentence is dismissed as MOOT.

Based on the appeal waivers, Gupta's appeal from the sentences imposed should be DISMISSED.  Gupta's conviction is AFFIRMED.  See United States v. Baymon, 312 F.3d 725, 730 (5th Cir. 2002).

CONVICTION AFFIRMED; APPEAL FROM SENTENCES DISMISSED.