United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03 - 40642
SUMMARY CALENDAR

————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARGARET ROSE RICHMAN,

Defendant - Appellant.

———————————————————————————————————————————————

Appeal from the United States District Court for the
Eastern District of Texas
(4:02-CR-93-ALL)

———————————————————————————————————————————————

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal we review the conviction of Defendant - Appellant, Margaret Rose

Richman, for wire fraud in violation of 18 U.S.C. § 1343.  For the following reasons, we affirm

the conviction.

———————————

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Richman was charged with one count of wire fraud for using a credit card provided by her employer, the City of Plano, Texas. She pleaded guilty pursuant to a written plea agreement which stated that while Director of Animal Services for the city, Richman used a credit card issued by the city to purchase personal items unrelated to her unemployment. The plea agreement also states that Richman's scheme caused the city to wire funds in interstate commerce from the city's bank in Texas to Bank of America in North Carolina.

The district court sentenced Richman to 13 months' imprisonment, three years' supervised release, and restitution in the amount of $53,333.38. Richman timely appealed.

## II.

## STANDARD OF REVIEW

We review the factual sufficiency of Richman's conviction for interstate wire fraud de novo, as it is a jurisdictional argument. *See United States v. Mills*, 199 F.3d 184, 185-86 (5th Cir. 1999); *see also In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).

## III.

## FACTUAL SUFFICIENCY

The district court cannot enter judgment on a plea of guilty unless it is satisfied that there is a factual basis for the plea. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). To establish wire fraud, the Government must prove (1) that Richman knowingly participated in a scheme to defraud; (2) that the interstate wire communications were used to further the scheme; and (3) that Richman intended that some harm result from the fraud. *See Mills*, 199 F.3d at 188.

Richman admits that she devised a scheme to obtain money, funds, and property from the City of Plano by means of false and fraudulent pretenses, representations, or promises. She also concedes that her stipulations establish the first and third elements of the offense of wire fraud, but she argues that the wire transfers made by the city to pay the credit card bills she incurred were not in furtherance of the scheme because she had already obtained the property and completed her scheme prior to the interstate wire transfer.

The Government argues that Richman's scheme was an ongoing venture which depended on her successful deception regarding her use of the card and the city paying for the fraudulent charges.

An interstate wire transfer is an essential part of a scheme when the transfer is used to further and perpetuate a scheme involving a series of continual frauds, rather than a one shot deception, so that the perpetrator is not indifferent to the fact of who discovers the scheme or bears the loss. *Id.* at 189 (citing *Schmuck v. United States*, 489 U.S. 705 (1989)).

Richman's scheme went on for over a year and her interest in the scheme went beyond obtaining illicitly purchased property. Her success depended on her preventing the city from discovering the purchases and ensuring that the city continued to pay for the purchases. If the city had failed to wire the money, Richman would not have been able to make any further purchases, which would have been contrary to her ongoing scheme. Richman delayed in providing receipts to the city and lied to prevent discovery of her scheme. Thus, she was not indifferent either to the discovery of her scheme or as to who bore the loss. The written plea agreement establishes that an interstate wire transfer was used in furtherance of Richman's scheme.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the conviction.