UNITED STATES of America, Plaintiff–Appellee

v.

Jose A. CARDENAS, Defendant–Appellant.

No. 04–11062.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 21, 2005.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Douglas C. Greene, Johnson, Vaughn & Heiskell, Fort Worth, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM: *

Jose A. Cardenas pleaded guilty to bribery of a public official, in violation of 18 U.S.C. § 201(b)(1)(A). Under the Sentencing Guidelines, the district court sentenced Cardenas to 24 months in prison and to three years of supervised release. At the request of the Government, the court also issued an alternative judgment, in the event that the Supreme Court extended its holding in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Sentencing Guidelines and effectively rendered the Guidelines advisory. In the alternative judgment, the district court imposed the same 24–month prison term, "if there is no parole," or three years if there was a possibility of parole under an advisory sentencing scheme.

As an initial matter, we observe sua sponte that Cardenas's written plea agreement contained a waiver-of-appeal provision. Because the magistrate judge who took Cardenas's plea did not call specific attention to this provision, however, we conclude that the provision does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deprive us of jurisdiction to address the merits of Cardenas's appeal. *See* FED. R.APP. P. 11(b)(1)(N); *United States v. Baymon,* 312 F.3d 725, 729 (5th Cir.2002); *United States v. Robinson,* 187 F.3d 516, 518 (5th Cir.1999).

▮ Cardenas contends that the district court erred in imposing an eight-level offense-level increase under U.S.S.G. § 2C1.1(b)(2)(B), on the ground that the offense involved a "payment for the purpose of influencing an elected official or any official holding a high-level decision-making or sensitive position." After the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court has held that the application and interpretation of the guidelines continue be reviewed de novo and that factual findings be reviewed for clear error. *See United States v. Villegas,* 404 F.3d 355, 358 (5th Cir.2005); *United States v. Villanueva,* 408 F.3d 193, 203–204 (5th Cir.2005).

Cardenas, who worked as a tax preparer, admitted that he offered $1,000 to Internal Revenue Service ("IRS") agent John McMicken, in order to reduce the tax liability of a pair of his clients following an audit conducted by McMicken. Although McMicken's role as a revenue agent was not supervisory, *see* U.S.S.G. § 2C1.1, comment (n.1), his job duties did entail decision-making authority in the matter of the collection of substantial sums of tax revenue. We conclude that the district court did not err in determining that Agent McMicken occupied a "sensitive" position and that the U.S.S.G. § 2C1.1(b)(2)(B) increase was applicable. *See United States v. Snell,* 152 F.3d 345, 347–48 (5th Cir.1998); *United States v. Reneslacis,* 349 F.3d 412, 416 (7th Cir. 2003).

▮ Now citing *Booker,* Cardenas continues to argue, as he did below, that the Sentencing Guidelines increases were unconstitutional because they were based on factors that were neither submitted to a jury for proof nor admitted by Cardenas. Insofar as the district court's primary judgment was based on a pre-*Booker* mandatory Guidelines regime, Cardenas is correct. *See Booker,* 125 S.Ct. at 756. Cardenas overlooks, however, the district court's issuance of an identical alternative sentence, which was based on speculation that the Supreme Court would declare the mandatory Guidelines scheme unconstitutional and require an advisory sentencing regime. Where, as here, a defendant has preserved a *Booker* challenge in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005). In this case, based on the alternative judgment, the Government has met its burden of demonstrating beyond a reasonable doubt that the Sixth Amendment violation at issue did not contribute to the sentence that Cardenas received. *See United States v. Akpan,* 407 F.3d 360, 377 (5th Cir.2005). Accordingly, we AFFIRM Cardenas's sentence.

AFFIRMED.