United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11062
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE A CARDENAS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-57-ALL-Y
--------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose A. Cardenas pleaded guilty to bribery of a public
official, in violation of 18 U.S.C. § 201(b)(1)(A). Under the
Sentencing Guidelines, the district court sentenced Cardenas to
24 months in prison and to three years of supervised release.
At the request of the Government, the court also issued an
alternative judgment, in the event that the Supreme Court
extended its holding in Blakely v. Washington, 124 S. Ct. 2531
(2004), to the Sentencing Guidelines and effectively rendered the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines advisory. In the alternative judgment, the district court imposed the same 24-month prison term, "if there is no parole," or three years if there was a possibility of parole under an advisory sentencing scheme.

As an initial matter, we observe sua sponte that Cardenas's written plea agreement contained a waiver-of-appeal provision. Because the magistrate judge who took Cardenas's plea did not call specific attention to this provision, however, we conclude that the provision does not deprive us of jurisdiction to address the merits of Cardenas's appeal. See FED. R. APP. P. 11(b)(1)(N); United States v. Baymon, 312 F.3d 725, 729 (5th Cir. 2002); United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999).

Cardenas contends that the district court erred in imposing an eight-level offense-level increase under U.S.S.G. § 2C1.1(b)(2)(B), on the ground that the offense involved a "payment for the purpose of influencing an elected official or any official holding a high-level decision-making or sensitive position." After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), this court has held that the application and interpretation of the guidelines continue be reviewed de novo and that factual findings be reviewed for clear error. See United States v. Villegas, 404 F.3d 355, ___, No. 03-21220 (5th Cir. Mar. 17, 2005), 2005 WL 627963 at *2; United States v. Villanueva, ___ F.3d ___, No. 03-20812 (5th Cir. Apr. 27, 2005), 2005 WL 958221 at **8-9 & n.9.

Cardenas, who worked as a tax preparer, admitted that he offered $1,000 to Internal Revenue Service ("IRS") agent John McMicken, in order to reduce the tax liability of a pair of his clients following an audit conducted by McMicken. Although McMicken's role as a revenue agent was not supervisory, see U.S.S.G. § 2C1.1, comment. (n.1), his job duties did entail decision-making authority in the matter of the collection of substantial sums of tax revenue. We conclude that the district court did not err in determining that Agent McMicken occupied a "sensitive" position and that the U.S.S.G. § 2C1.1(b)(2)(B) increase was applicable. See United States v. Snell, 152 F.3d 345, 347-48 (5th Cir. 1998); United States v. Reneslacis, 349 F.3d 412, 416 (7th Cir. 2003).

Now citing Booker, Cardenas continues to argue, as he did below, that the Sentencing Guidelines increases were unconstitutional because they were based on factors that were neither submitted to a jury for proof nor admitted by Cardenas. Insofar as the district court's primary judgment was based on a pre-Booker mandatory Guidelines regime, Cardenas is correct. See Booker, 125 S. Ct. at 756. Cardenas overlooks, however, the district court's issuance of an identical alternative sentence, which was based on speculation that the Supreme Court would declare the mandatory Guidelines scheme unconstitutional and require an advisory sentencing regime. Where, as here, a defendant has preserved a Booker challenge in the district court,

"we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Mares</u>, 402, 511, 520 n.9 (5th Cir. 2005).  In this case, based on the alternative judgment, the Government has met its burden of demonstrating beyond a reasonable doubt that the Sixth Amendment violation at issue did not contribute to the sentence that Cardenas received. <u>See</u> <u>United States v. Akpan</u>, ___ F.3d ___, No. 03-20875, 2005 WL 852416 at *12 (5th Cir. Apr. 14, 2005).  Accordingly, we AFFIRM Cardenas's sentence.

AFFIRMED.