United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11104
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAYMUNDO DIAZ CRUZ,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-3-5-C
---------------------

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

    Raymundo Diaz Cruz appeals from his guilty-plea conviction

for distribution of less than 500 grams of cocaine.  He argues

that the district court abused its authority by imposing his

sentence for the instant offense to run consecutively to his

prior undischarged term of imprisonment.  The Government asserts

that Cruz's challenge is barred by the waiver of his right to

appeal, as set forth in his written plea bargain agreement.  In

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reply, Cruz contends that his appeal is not barred because his sentence was imposed in violation of law.

As Cruz has not challenged the validity of the waiver of his right to appeal, that waiver provision shall be enforced.  See United States v. Sharpe, 193 F.3d 852, 871 (5th Cir. 1999).  This court reviews de novo whether a waiver of appeal provision bars an appeal.  United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).  Although Cruz argues that this court may review his challenge pursuant to 18 U.S.C. § 3742(a)(1) because the sentence was imposed in violation of law, Cruz explicitly waived his right to appeal under 18 U.S.C. § 3742 in his plea bargain agreement.  Because Cruz's challenge to his sentence is encompassed by the waiver of his right to appeal, this appeal is DISMISSED.  See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

APPEAL DISMISSED.