United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20891
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANNY JARAMILLO, also known as Jhon Antonio Carceres,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-193-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Giovanny Jaramillo appeals his guilty-plea sentence for possession with intent to distribute one kilogram or more of heroin. He argues, for the first time, that, because Government objected to the probation officer's recommendation for safety-valve relief, and remained silent as to the probation officer's recommendation for the denial of a reduction for acceptance of responsibility, the Government manifested its intent to renounce the plea agreement.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Whether the Government has breached a plea agreement is a question of law subject to de novo review; however, when the defendant does not raise the issue at sentencing, this court's review is for plain error. United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001).

In the plea agreement, the Government pledged to not oppose a downward departure for acceptance of responsibility if Jaramillo met the requirements of U.S.S.G. § 3E1.1 and the reduction was recommended by the presentence report (PSR). The PSR did not recommend that Jaramillo receive a reduction for acceptance of responsibility. Also, the plea agreement did not require that the Government refrain from opposing Jaramillo's request for safety-valve relief. Consequently, the Government did not breach the plea agreement and Jaramillo has not shown error, plain or otherwise.

The Government contends that, because it did not breach the plea agreement, the appellate waiver provision in the agreement is valid and Jaramillo's appeal should be dismissed. This court reviews de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided that the waiver is knowing and voluntary. United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). When the record shows that the defendant read and understood the plea agreement and that he raised no question

regarding the sentence appeal waiver provision, he will be held to the bargain that he has struck. United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994).

Here, the record reflects that Jaramillo read and understood the plea agreement and raised no question regarding the sentence appeal waiver provision. As such, Jaramillo's appeal waiver is valid.

Jaramillo argues that the enhancement of his sentence for obstruction of justice based on judicial fact-finding violates the principles announced by the Supreme Court in United States v. Booker, 543 U.S. 220, 244 (2005). Under the terms of the appeal waiver, Jaramillo waived the right to appeal his plea, his conviction and sentence, or the manner in which his sentence was determined based on the grounds set forth in 18 U.S.C. § 3742, except for an upward departure. His appeal does not fall under any exceptions to the waiver and his appeal is barred. See United States v. Bond, 414 F.3d 542, 545-46 (5th Cir. 2005) (holding that the "'statutory maximum' in an appeal waiver means 'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). Accordingly, Jaramillo's appeal is dismissed.

APPEAL DISMISSED.