IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40496
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

ANTONIO VILLANUEVA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-804-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio Villanueva appeals his guilty-plea conviction for transporting, in the tractor of the tractor-trailer he was driving, illegal aliens, in violation of 8 U.S.C. § 1324.

First, he maintains he did not knowingly and voluntarily waive the right to appeal his conviction and sentence, maintaining, as discussed below, that his guilty plea was not knowing and voluntary. The Government seeks to enforce waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plea agreement provided Villanueva waived his right to appeal his conviction and sentence, except that he reserved the right to appeal a sentence imposed above the statutory maximum or an upward departure from the Sentencing Guidelines. At rearraignment, the district court advised Villanueva that he was waiving his right to appeal under the plea agreement except for the above exceptions, and Villanueva stated that he understood. The record indicates: Villanueva knowingly and voluntarily waived his right to appeal, inter alia, his conviction; and that, unless the guilty plea was not knowing and voluntary, the waiver is valid and enforceable. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005).

Next, as noted, Villanueva contends his guilty plea was unknowing and involuntary because he did not understand the nature of the offense or know aliens were hidden in the vehicle. Even if there is a valid appeal waiver, we can review whether there is a sufficient factual basis to support a defendant's guilty plea. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). The factual basis summarized by the Government at the rearraignment was sufficient to establish Villanueva: transported aliens within the United States with the intent to further their unlawful presence in the United States; and knew the aliens were in the country unlawfully. See United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002). Therefore, the district court did not err in finding the factual basis supported Villanueva's guilty plea. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc).

Finally, Villanueva maintains the district court abused its discretion in denying his motion to withdraw his guilty plea. After conducting an evidentiary hearing, the district court considered the seven factors provided in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The court determined: (1) Villanueva asserted his innocence but his testimony was not credible; (2) the Government would be prejudiced if the motion were granted, because the material witnesses had been released and were no longer available; (3)

Villanueva filed his motion 68 days after he pleaded guilty; (4) his guilty plea was knowing and voluntary; and (5) he had assistance of counsel throughout the proceedings. The district court stated it did not put much emphasis on the other two Carr factors: whether the withdrawal of the motion would inconvenience the court or waste judicial resources. Villanueva has not shown the district court failed to consider any of the Carr factors, or abused its discretion in denying his motion. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).

AFFIRMED.