IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-60059
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LEONARD GRIFFIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CR-75-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Leonard Griffin pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The district court sentenced Griffin to 180 months in prison, which was the statutory minimum sentence as a result of Griffin's prior convictions for "crimes of violence" and his status as an armed career criminal. § 924(e)(1). On appeal, Griffin argues that the district court erred in concluding that his prior felonies constituted crimes of violence.

The Government has filed a motion to dismiss Griffin's appeal, arguing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that this appeal is barred by the appellate waiver provision in Griffin's written plea agreement. Pursuant to the plea agreement, Griffin waived his right to appeal his conviction and sentence on any ground whatsoever. Although Griffin acknowledges the appellate waiver provision in his plea agreement, he argues that during his rearraignment and in his objections to the presentence report, he reserved his right to challenge the district court's finding that he was an armed career criminal.

This court reviews de novo whether a waiver of appeal bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). To determine the validity of an appeal waiver, this court conducts a two-step inquiry, asking 1) whether the waiver was knowing and voluntary and 2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government. United States v. Palmer, 456 F.3d 484, 488 (5th Cir. 2006).

In the present case, Griffin signed the plea agreement, certified that he read the agreement, reviewed the agreement with his attorney, and understood and voluntarily consented to the agreement. At his rearraignment, Griffin confirmed that he read and signed the plea agreement, including the appellate waiver provision, and that he understood and agreed to its terms and conditions. Thus, Griffin's waiver was knowing and voluntary. See Bond, 414 F.3d at 544.

The record further reflects that, during Griffin's rearraignment, defense counsel asserted a reservation of rights, which was ambiguous at best. In response to the PSR, however, defense counsel resolved any ambiguity when he asserted the following: "Defendant denies that his prior convictions of strong arm robbery are factually or legally sufficient to trigger [the armed career offender enhancement] and reserves his right to challenge said conclusions at his sentencing hearing." Griffin's attorney's comments did not alter the plain

2

language of the waiver.  See Bond, 414 F.3d at 544; Palmer, 456 F.3d at 488.

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED.