**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-50071
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS MANUEL AGUILAR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-150-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Manuel Aguilar pleaded guilty to one charge of being a convicted felon in possession of a firearm, and the district court sentenced him to serve 120 months in prison. Aguilar appeals his sentence. He argues that the prosecutor committed misconduct by making certain remarks at sentencing. He also argues that he is entitled to resentencing because the district court made no findings in support of its conclusion that a four-level sentencing adjustment should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applied and because no evidence pertaining to this adjustment was offered at the hearing.

The Government argues that the appeal should be dismissed because Aguilar waived his right to appeal and because the waiver is valid and enforceable. The Government also asserts that Aguilar's prosecutorial misconduct claim is without merit.

This court reviews the validity of an appeal waiver de novo. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). Our review of the record shows that Aguilar's waiver of his appellate rights was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Aguilar's claims concerning the disputed sentencing adjustment fall within the scope of the waiver. We thus decline to consider these claims. *See id.*

The appellate waiver clause found in Aguilar's plea agreement contains an explicit exception for claims concerning prosecutorial misconduct. Consequently, consideration of his claim concerning the prosecutor's alleged improper statements at sentencing is not barred by the waiver. Nevertheless, Aguilar's prosecutorial misconduct claim lacks merit. Our review of the record shows that the disputed statements were not improper and caused no prejudice to Aguilar. *See United States v. Lankford*, 196 F.3d 563, 574 (5th Cir. 1999). The judgment of the district court is AFFIRMED.