# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50611
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERBEY GARCIA ARMENDARIZ, also known as Herman Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-180-ALL

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Herbey Garcia Armendariz pleaded guilty to possession of cocaine base, in violation of 21 U.S.C. § 844. The district court sentenced Armendariz to 60 months of imprisonment and three years of supervised release. On appeal, Armendariz argues that his sentence is unreasonable and that the statutory minimum sentence set forth in 21 U.S.C. § 844(a) is unconstitutional, both on its face and as applied to him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government has filed a motion to dismiss Armendariz's appeal on the ground that the appeal is barred by the appeal-waiver provision in Armendariz's written plea agreement. Pursuant to the plea agreement, Armendariz waived his right to appeal his conviction and sentence except for claims of ineffective assistance of counsel or specified types of prosecutorial misconduct. Armendariz argues that the waiver provision should not be enforced because (1) the district court failed to comply with FED. R. CRIM. P. 11(b)(1)(N) and (2) the district court subsequently determined that the waiver provision should not be followed.

This court reviews de novo whether a waiver of appeal bars an appeal. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). To determine the validity of an appeal waiver, this court conducts a two-step inquiry, asking (1) whether the waiver was knowing and voluntary and (2) whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). In the instant case, Armendariz signed the plea agreement. At his guilty plea hearing, Armendariz confirmed that he read, signed, and understood the plea agreement. The district court specifically informed Armendariz that, other than the specific issues that could not be waived, "waivers for the rest of your rights to appeal are enforceable against you and will, as provided, prohibit an appeal by you." Armendariz affirmed his understanding of that waiver. Accordingly, Armendariz's waiver was knowing and voluntary. *See Bond*, 414 F.3d at 544. Moreover, examination of the record does not support Armendariz's argument that the district court determined that the waiver provision should not be followed.

As the arguments Armendariz seeks to raise on appeal do not fall within the specified exceptions to his appeal-waiver provision, the district court's judgment is AFFIRMED. The Government's motion to dismiss the appeal is DENIED.