# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2013

No. 11-40554
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CHARLES KIRSCH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1261-3

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael Charles Kirsch pleaded guilty to transporting aliens within the United States for the purpose of private financial gain under 8 U.S.C. § 1324(a)(1)(B)(i). He was sentenced to 27 months of imprisonment and three years of supervised release.

The issue before our court is whether there was a sufficient factual basis for the district court to accept Kirsch's plea under § 1324(a)(1)(B)(i). Even though Kirsch validly waived his right to appeal, he may challenge the factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40554

basis underlying his guilty plea. *United States v. Baymon*, 312 F.3d 725, 727-30 (5th Cir. 2002).

Because Kirsch did not challenge the sufficiency of the factual basis in district court, review is for plain error only. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). For reversible plain error, Kirsch must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Trejo*, 610 F.3d at 313. "This includes the facts gleaned from the plea agreement and plea colloquy, [and] the factual findings relied upon in the presentence report . . . , as well as fairly drawn inferences from the evidence presented both post-plea and at the sentencing hearing. The indictment, if specific, is also fair game." *Id.* at 317 (internal quotation marks and citations omitted).

The record as a whole shows that Kirsch conspired with others to transport illegal aliens into the United States for financial gain. *See id.* at 313. Accordingly, the district court did not commit reversible plain error by finding that there was a sufficient factual basis for the "financial gain" element of Kirsch's offense. *See Puckett*, 556 U.S. at 135.

AFFIRMED.