# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANSEL KEITH PRYOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:12-CR-19-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ransel Keith Pryor appeals his guilty plea conviction and 188-month sentence for possessing with intent to distribute more than five kilograms of cocaine hydrochloride.  In his plea agreement, Pryor waived the right to appeal his conviction and sentence on any ground whatsoever.

Although it moves for dismissal on the basis that the appeal is barred by the appeal waiver, the Government disputes Pryor's contention that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion by not allowing Pryor to withdraw his guilty plea. We agree with the Government that this claim, assuming it survived the appeal waiver, is unavailing. Because the district court accepted his plea at rearraignment, Pryor had no absolute right to withdraw it. *See* FED. R. CRIM. P. 11(d)(1); *compare United States v. Arami*, 536 F.3d 479, 483 (5th Cir. 2008). However, a district court may permit withdrawal before sentencing if the defendant presents a "fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). When deciding whether the defendant has met this standard, we consider whether (a) the defendant asserted his innocence, (b) withdrawal would cause the Government to suffer prejudice, (c) the defendant delayed in filing the motion, (d) withdrawal would substantially inconvenience the court, (e) close assistance of counsel was available, (f) the original plea was knowing and voluntary, and (g) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

Pryor does not address the last of the *Carr* factors, that is, whether allowing him to withdraw his plea would have wasted judicial resources. With regard to each of the other six factors, each of Pryor's assertions is conclusory, and not one of those assertions is supported by a record citation as required. *See* FED. R. APP. P. 28(a)(8)(A). Arguments must be briefed adequately. *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Conclusory arguments are deemed inadequately briefed and abandoned. *United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002). A counseled brief is not entitled to liberal construction. *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Moreover, the record belies the contention that Pryor had not been advised of the possible severity of the sentence and that his plea was therefore involuntary and unknowing because his consent to it was vitiated by error. *See United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

No. 13-60529

Additionally, Pryor's challenge to the sentence is barred by the plea and the appeal waiver contained in the plea agreement. *See United States v. Baymon*, 312 F.3d 725, 729 (5th Cir. 2002). Pryor does not suggest that the waiver is invalid for reasons pertaining to it alone rather than to the plea as a whole. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). Pryor's waiver of the right to challenge the sentence was without exception.

The Government's motion to dismiss is GRANTED, and the appeal is DISMISSED.