# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLENN MICHAEL BONANO, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-12-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Glenn Michael Bonano, Sr., pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. The district court sentenced Bonano to ten years imprisonment. Bonano appeals his sentence, challenging the district court's application of a ten-year statutory minimum sentence and denial of a safety-valve reduction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60467

Relying on the appeal waiver in the plea agreement, the Government seeks dismissal of the appeal or, alternatively, summary affirmance of the district court's judgment. Proceeding pro se, Bonano contends that the waiver does not bar his appeal because the appeal waiver did not explicitly state that he waived his right to appeal an illegal sentence or one based on an error of law. We review the validity of an appeal waiver *de novo*. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

The waiver provision broadly waived Bonano's right to appeal his sentence without reservation.[1] The record of his rearraignment shows that the waiver was knowing and voluntary, as Bonano knew he had the right to appeal and that he was giving up that right in the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Because the plain language of the waiver provision applies to Bonano's challenges to his sentence, we will enforce the waiver and DISMISS the appeal. *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005). The Government's motion to dismiss is GRANTED, and its alternative motion for summary affirmance is DENIED.

---

[1] The appeal waiver states: "Defendant, knowing and understanding all of the matters aforesaid, . . . hereby expressly waives the following rights: a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever . . . ."