# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 14-41344
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTEMIO BLANCO, also known as Primo

Defendant-Appellant

—————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-55-21

—————

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Artemio Blanco challenges his 210-month sentence for the following convictions: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine; conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana; and conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. He argues that the district court incorrectly applied

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41344

U.S.S.G. § 2D1.1(b)(1).  Relying on the appellate waiver in the plea agreement, the Government alternatively seeks dismissal of the appeal, summary affirmance, or an extension of time in which to file a brief.

We review the validity of an appeal waiver de novo.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  The waiver provision broadly waived Blanco's right to appeal his sentence.  He reserved the right to appeal only a sentence in excess of the statutory maximum or to bring a claim of ineffective assistance of counsel that affected the validity of the plea or the waiver.  The record of his rearraignment shows that the waiver was knowing and voluntary, as Blanco knew he had the right to appeal and that he was giving up that right in the plea agreement.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Because the plain language of the waiver provision applies to Blanco's challenge to his sentence, we will enforce the waiver and DISMISS the appeal.  *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005).  The Government's motion to dismiss is GRANTED, its motion for summary affirmance is DENIED, and its alternative motion for an extension of time is also DENIED.