# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60718
c/w No. 14-60719
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2015

Lyle W. Cayce
Clerk

UNITED STATE OF AMERICA,

Plaintiff-Appellant

v.

S'ADE TYLER,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-10-1
USDC No. 3:13-CR-8-6

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

S'ade Tyler challenges the sentences imposed upon her guilty plea convictions of wire fraud and conspiracy to defraud the United States Government. She argues that the district court erroneously determined the amount of restitution in Case No. 3:13-CR-8-6 because the restitution amount included intended, but not actual, loss amounts. She also argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60718
c/w No. 14-60719

district court erred by denying the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 without considering the nature or extent of Tyler's cooperation.  Relying on the appellate waiver in the plea agreement, the Government seeks dismissal of the appeal or, alternatively, summary affirmance.

We review the validity of an appeal waiver de novo.  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  The waiver provision broadly waived Tyler's right to appeal her sentence.  She did not reserve any appeal rights.  The record of her rearraignment shows that the waiver was knowing and voluntary, as Tyler knew she had the right to appeal and that she was giving up that right in the plea agreement.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).  Because the plain language of the waiver provision applies to Tyler's challenge to her sentences, we will enforce the waiver and DISMISS the appeal.  *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005).  The Government's motion to dismiss is GRANTED, and its alternative motion for summary affirmance is DENIED.