# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 20-60596
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIA TERESA DUARTE GODINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-90-2

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Maria Teresa Duarte Godinez pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. She contends that her 262-month prison term was unreasonable because it did not account for the need to avoid

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unwarranted sentencing disparities. Relying on the appeal waiver in her plea agreement, the Government moves to dismiss the appeal.

According to Duarte Godinez, enforcing the waiver would violate her right to due process and constitute a miscarriage of justice by barring consideration of the issue that arose at sentencing and thus undermining meaningful appellate review and the development of jurisprudence. She contends that the waiver was unknowing and involuntary because she was unaware of the meritorious sentencing issue when she executed the plea agreement. She further contends that, without the waiver, she provided consideration for the plea bargain by waiving her rights to remain silent, confront witnesses, and a jury trial.

We review the validity of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The waiver provision in Duarte Godinez's plea agreement waived her right to appeal the sentence on any ground whatsoever, with the exception of ineffective assistance of counsel. The record shows that the waiver was knowing and voluntary, as she knew she had the right to appeal and that she was giving up that right in the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Because the plain language of the waiver applies to her claim that the sentence was unreasonable, the appeal is DISMISSED. *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005). The motion to dismiss is GRANTED, and the Government's alternative motion for summary affirmance is DENIED.