United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60832
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES DEAN BRYANT,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CR-6-1-PG
---------------------

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES Chief Judge, and HIGGINBOTHAM, and PRADO, Circuit
Judges.

PER CURIAM:[*]

        In July 2004, this court granted the Government's motion to
dismiss the appeal as waived pursuant to a provision in the plea
agreement of defendant-appellant Charles Dean Bryant.  The
Supreme Court has vacated and remanded for further consideration
in light of United States v. Booker, 543 U.S. 220 (2005).

        We review de novo whether a waiver provision bars an appeal.
United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002).  We

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine whether the waiver was knowing and voluntary and whether the waiver applies to the circumstances at issue.  <u>United States v. Bond</u>, 414 F.3d 542, 544 (5th Cir. 2005).

The record reflects that Bryant knowingly and voluntarily waived his right to appeal his sentence "on any ground whatsoever."  <u>See</u> <u>United States v. Cortez</u>, 413 F.3d 502, 503 (5th Cir. 2005); <u>United States v. McKinney</u>, 406 F.3d 744, 746 (5th Cir. 2005); FED. R. CRIM. P. 11(b)(1)(N).  Because Bryant's sentence did not exceed the statutory maximum, we DISMISS the appeal as barred by the waiver contained in Bryant's plea agreement.