**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50765
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO GARCIA ARMENDARIZ, also known as Ricky, also known as Little
Ricky, also known as Trainer, also known as The Mexican

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-48-5

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Ricardo Garcia Armendariz appeals his guilty plea conviction and sentence
for conspiracy to manufacture, distribute, and possess with intent to distribute
more than 50 grams of cocaine base. Armendariz argues that counsel rendered
ineffective assistance of counsel by failing to adequately explain the implications
of the plea agreement. He also challenges the district court's decision to deny a
mitigating role adjustment and safety role adjustment. The Government argues

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the appeal should be dismissed because Armendariz waived his right to appeal and the waiver is valid and enforceable. The Government also asserts that Armendariz's ineffective assistance of counsel claim is without merit.

This court reviews the validity of an appeal waiver de novo. *See United States v. Baymon,* 312 F.3d 725, 727 (5th Cir. 2002). Our review of the record shows that Armendariz's waiver was knowing and voluntary. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Armendariz's safety valve and mitigating role arguments do not fall within the exceptions to the waiver. Thus, Armendariz cannot raise these claims on appeal. Armendariz also asserts an ineffective assistance of counsel claim, which does implicate an exception to the appeal waiver. Although this court generally declines to review claims of ineffective assistance of counsel on direct appeal, the record is sufficiently developed for the court to address the claim. *See United States v. Gulley*, 526 F.3d 808, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008). Because the record reflects that counsel explained the implications of the plea agreement to Armendariz, Armendariz's ineffective assistance of counsel claim is without merit. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Armendariz argues, as he did in the district court in a motion filed pursuant to 18 U.S.C. § 3582(c)(2), that his base offense level should be reduced by two levels pursuant to Sentencing Guidelines Amendment 706. In general, Amendment 706 reduced the base offense levels set forth in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. However, the base offense level for offenses involving 4.5 kilograms or more of crack cocaine is unchanged. Armendariz was held accountable for 9 kilograms of crack cocaine and his original base offense level was 38. Under the new amendments to § 2D1.1(c)(1), Armendariz's base offense level remains 38. Thus, his base offense level is unaffected by Amendment 706 to § 2D1.1(c) and, concomitantly, the applicable guidelines range of imprisonment was not lowered as a result of the amendment. Because

§ 3582(c)(2) authorizes a sentence reduction only when the sentencing range is lowered by an amendment to the Guidelines, the district court did not abuse its discretion in denying Armendariz's motion for a reduction of sentence.

AFFIRMED