# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-51065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADON JOSHUA MUNIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-127-ALL

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Adon Joshua Muniz pleaded guilty to one count of possession of an unregistered firearm. The district court sentenced him to serve 120 months' imprisonment, which exceeds the advisory guidelines sentencing range. Muniz contends his sentence is unreasonable. The Government maintains this challenge is barred by Muniz' waiver of his appellate rights. Muniz replies that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Government lost its right to invoke the waiver by standing silent at sentencing when the district court erroneously informed him that he could appeal his sentence.

Our court reviews *de novo* whether the waiver of a right to appeal in a written plea agreement prevents an appeal from being taken. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). A review of the record shows: Muniz knowingly and voluntarily waived his right to appeal his sentence; and the claim he now raises is barred by the language of the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The district court's related misstatements at sentencing do not affect the validity of the waiver, and the Government's silence does not preclude it from invoking the waiver. *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992). Accordingly, consideration of Muniz' challenge to his sentence is precluded by the waiver. *See id.*; *see also United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

DISMISSED.