# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD STEPHEN BELLOCK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-48-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Richard Stephen Bellock challenges the seventy-month sentence he received following his guilty plea conviction for conspiracy to defraud the Department of Defense. He asserts that the district court erred in imposing a ten-level sentencing enhancement after determining that the applicable loss amount was $169,602.54. Bellock also contends that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applying sentencing enhancements for the unlawful use of identification, the number of victims, a leadership role, and obstruction of justice.

As part of Bellock's plea agreement, Bellock agreed to waive his "right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever." Relying on the appellate waiver in the plea agreement, the Government seeks dismissal of the appeal or, alternatively, summary affirmance of the district court's judgment. Bellock contends that the waiver does not bar his appeal because challenges to the Guidelines calculations are not encompassed by the waiver provision and because the district court failed to state specifically that the general waiver of his right to challenge the imposition of his sentence included the district court's determinations under the Sentencing Guidelines. Bellock also maintains that the Government may not invoke the waiver provision on appeal because it did not raise the waiver when Bellock objected at sentencing to the Guidelines calculations.

We review the validity of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The waiver provision broadly waived Bellock's right to appeal his sentence "on any ground whatsoever," as well as his appellate rights under 18 U.S.C. § 3742(a)(2), which included his right to appeal an "incorrect application of the sentencing guidelines." The record of the rearraignment shows that the waiver was knowing and voluntary, as Bellock knew he had the right to appeal and that he was giving up that right in the plea agreement. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994). The plea agreement that Bellock signed contained the waiver provision, and the waiver did not include any exceptions specifically authorizing a challenge to

the Guidelines calculations. Bellock confirmed under oath that he had reviewed the plea agreement with counsel and that he understood it. The district court specifically advised Bellock that he was "waiving [his] right to appeal the conviction and sentence in this case or the manner in which the sentence is imposed on any grounds whatsoever." Bellock again confirmed that he understood this. Finally, the district court advised Bellock of the applicability of the Sentencing Guidelines and the possibility that his sentence may be higher than the sentence that Bellock's counsel estimated.

Because the waiver provision did not bar objections to the Guidelines calculations raised and addressed at sentencing, the Government was not required to invoke the waiver in the district court, as Bellock claims. Under the terms of the plea agreement, the district court was responsible for resolving factual issues at sentencing and determining the appropriate sentence. The waiver only bars Bellock's *appellate* challenges to the Guidelines calculation. When Bellock objected to the sentencing enhancements proposed in the PSR, he was not attempting to appeal his conviction or sentence; instead, he was invoking the district court's authority to address factual sentencing disputes. There was therefore no reason for the Government to raise the waiver provision during the sentencing proceedings.

Because the plain language of the waiver provision applies to Bellock's challenges to his sentence on appeal, we will enforce the waiver and DISMISS the appeal. *See United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005). The Government's motion to dismiss is GRANTED, and its alternative motion for summary affirmance is DENIED.