United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50412
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY JOEL GIBSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1731-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Joel Gibson pleaded guilty to one charge of possession of 100 or more kilograms of marijuana with intent to distribute and was sentenced to serve 60 months in prison and a four-year term of supervised release. Proceeding pro se, Gibson appeals his conviction and sentence.

Gibson contends that his plea was involuntary because he was rendered incompetent by his medications and because he was not given sufficient time to read the plea agreement. Because this claim was not presented to the district court, we review it for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only. See United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003). Gibson has failed to adduce sufficient facts to show that there is reason to doubt his competence or to show that his plea was otherwise involuntary. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Williams, 819 F.2d 605, 609 (5th Cir. 1987) (competency standard).

Gibson also argues that his plea agreement was breached because he did not receive the sentence he was promised and because the Government did not make certain sentencing recommendations. These arguments, which are reviewed for plain error only, are unavailing. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). The plea agreement makes no promise of a certain sentence, and the Government complied with the agreement's provisions concerning sentencing recommendations. See id.; see also United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996). Gibson has failed to carry his burden of showing a breach of the plea agreement. See Price, 95 F.3d at 367.

Gibson raises several claims challenging his sentence. As the Government notes, these claims are precluded by the appellate waiver clause in Gibson's plea agreement. Because the record reflects that Gibson validly waived his appellate rights, it is appropriate to enforce the clause. See Blackledge, 431 U.S. at 74; United States v. Baymon, 312 F.3d 725, 729 (5th Cir. 2002). We thus decline to consider Gibson's sentencing claims.

Gibson argues that the district court erred by failing to inform him that he was ineligible for parole. The district court had no duty to inform Gibson of his parole eligibility vel non. See FED. R. CRIM. P. 11. Consequently, there is no error in connection with this omission.

Gibson contends that his Fourth and Fifth Amendment rights were violated in connection with his arrest and that the evidence was insufficient to support his guilty plea. These claims were waived by the entry of Gibson's plea. See United States v. Hanyard, 762 F.2d 1226, 1229-30 (5th Cir. 1985). We thus decline to consider them. We likewise decline to consider Gibson's claim of ineffective assistance of counsel in this direct criminal appeal. See United States v. Miller, 406 F.3d 323, 335-36 (5th Cir.), cert. denied, 126 S. Ct. 207 (2005).

Gibson has shown no error in connection with the district court's judgment. Accordingly, that judgment is AFFIRMED.