# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-41443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JARVIS ALLEN CONWAY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-139-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jarvis Allen Conway appeals the district court's denial of his motion to withdraw his guilty plea to two counts of Hobbs Act robbery and one count of brandishing a firearm during a crime of violence. In accordance with a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C), the district court sentenced Conway to 360 months of imprisonment. Conway states that it was within the district court's discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to grant his motion to withdraw the guilty plea and that there was a fair and just reason for doing so.  The government counters that Conway's appeal is barred by the waiver provision contained in the plea agreement.  Alternatively, the government contends that the district court did not abuse its discretion by denying Conway's motion to withdraw his guilty plea.

Conway may raise his argument regarding the denial of his motion to withdraw his guilty plea because an appellate waiver provision is not valid unless both the plea and the waiver were knowingly and voluntarily entered. *See United States v. Arbuckle*, 390 F. App'x 412, 414 (5th Cir. 2010); *see also United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).  A defendant may withdraw his plea before sentencing if he establishes "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  Seven factors are considered: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.  *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).  The district court must consider the totality of the circumstances, although it "is not required to make a finding as to each individual factor."  *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

We review the district court's decision to deny a motion to withdraw for abuse of discretion.  *Id.* at 645.  The "'district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.'"  *Id.* (quoting *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998)).

No. 12-41443

The district court concluded that, under the totality of the circumstances, the *Carr* factors did not support granting Conway's motion to withdraw his guilty plea. Conway concedes that at least three of the *Carr* factors weigh against him. We conclude that his challenges with regard to the remaining factors are insufficient to establish that the district court abused its discretion by denying the motion to withdraw his guilty plea. *Id.* The judgment is AFFIRMED.