# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60880

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARK FRANK DAVIS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-63

Before SMITH, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant Mark Davis seeks to vacate his guilty plea and sentence because of mental incompetency. We **AFFIRM** the district court's determination that Davis was competent to enter into the plea agreement and **DISMISS** the remainder of the appeal because Davis entered into an enforceable waiver of appeal that precludes consideration of the remaining issues.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60880

## FACTS AND PROCEDURAL HISTORY

Mark Davis was indicted for crimes related to the possession and distribution of methylenedioxy-methamphetamine (MDMA) and pled guilty to one count of conspiracy to possess MDMA with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the plea hearing, the district court had an extended discussion with Davis regarding the nature of the charges against him. The prosecuting attorney described the plea agreement, specifically mentioning a provision which waived "the right to appeal the conviction and sentence or the manner in which that sentence was imposed under any ground whatsoever." Davis indicated that he understood the charges against him, that he knew the difference between right and wrong, and that he understood the plea agreement. Davis further stated that his plea was "both knowing and voluntary." Davis's counsel was satisfied that Davis was competent and with Davis's understanding of the plea agreement. The court accepted Davis's plea.

After the guilty plea, Davis's counsel requested to withdraw because a "breakdown in communication" prevented him from reviewing the presentencing report with Davis. The district court granted the request and appointed new counsel. Davis's new counsel requested a mental evaluation of Davis based on indications of mental illness which appeared in the presentencing report. The court requested Davis's medical records from the United States Department of Veterans Affairs and granted the motion for evaluation.

From June 5 to August 19, 2013, Davis was evaluated by Dr. Judith Campbell at the Federal Medical Center in Lexington, Kentucky. Dr. Campbell repeatedly interviewed Davis, and he was observed by psychology staff at the center. Davis was given a thorough medical examination which included a complete medical history. Dr. Campbell also reviewed

2

approximately 1500 pages of Davis's medical and mental health records, including those acquired from the VA, as well as the presentencing report. Dr. Campbell interviewed members of Davis's family, his friends, and his attorney, and administered several mental health examinations. The testing indicated that Davis was highly intelligent. Although Davis continually stated that he was working for the CIA on a secret government mission, Dr. Campbell concluded that Davis was competent but malingering, and had done so for many years in an attempt to receive VA disability benefits and evade prosecution.

After receiving Dr. Campbell's report, Davis requested a second mental evaluation. The court held a competency hearing on January 23, 2014 where Dr. Campbell testified. The court was impressed by Dr. Campbell's evaluation and conclusions, but granted the motion for a second evaluation.

Dr. Mark Webb was retained for the second psychiatric evaluation. Dr. Webb interviewed Davis for approximately two hours, interviewed Davis's attorney, and reviewed 50-60 pages of Davis's mental health history, but did not conduct any tests. Dr. Webb concluded that Davis was not competent to stand trial, and at the time of the offense, that Davis was off his medication and psychotic.

The district court reviewed these findings at a second competency hearing, where Dr. Webb testified. The district court determined, after "hear[ing] from the experts, read[ing] the reports, stud[ying] the conclusions and analyz[ing] all that data," that there was "clear evidence" demonstrating that Davis was competent. In reaching this conclusion, the court specifically noted Dr. Webb's short interview with Davis, and his limited familiarity with Davis's background. Specifically, the district court discredited Dr. Webb's findings because he "did not administer any kind of written exam and did not seek to interview anybody and did not put much weight on [Davis's]

transactions regarding banking and traveling and spending and keeping moneys and directing others in the drug trade."

Davis's sentencing hearing occurred on November 4, December 1, and December 3, 2014. Davis made an ore tenus motion to withdraw his plea agreement, which the court rejected. Davis requested a downward departure based on diminished mental capacity. The government also requested a one-level downward departure for cooperation. The court acknowledged that it had the power to grant the downward departures, but rejected them, and instead upwardly departed four levels because of the high purity of the MDMA and marijuana that Davis trafficked. Davis now appeals.

## DISCUSSION

Davis raises three challenges to his conviction and sentence. First, Davis contends that the district court erred in finding him competent to enter into the plea agreement and waiver of appeal. Second, Davis asserts that the appeal waiver is unenforceable. Third, Davis contends that the district court erred in refusing, during sentencing, to grant a requested downward departure for mental infirmity. We begin with competency.

I.

"Whether a defendant 'suffers from a mental disorder or incapacitating mental illness is a question of fact reviewed under the clearly erroneous standard' but this Court takes a 'hard look' at the ultimate competency finding." *United States v. McKnight*, 570 F.3d 641, 648 (5th Cir. 2009) (quoting *Moody v. Johnson*, 139 F.3d 477, 482 (5th Cir. 1998)). "It is . . . not our task, as an appellate court, to relitigate the battle of the experts." *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011). Instead, we "take a hard look at the facts to determine whether the district court's competency finding was clearly arbitrary or unwarranted." *Id.* (internal quotations and citations omitted).

No. 14-60880

Davis claims that the district court failed to adequately consider his past history of bizarre behavior and erred by accepting Dr. Campbell's findings and conclusion while rejecting the testimony of Dr. Webb. District courts, however, have the authority to credit the testimony of one expert over another as long as they do not arbitrarily fail to consider the rejected testimony. *Albany Ins. Co. v. Anh Thi Kieu,* 927 F.2d 882, 894 (5th Cir. 1991) (citing *Pittman v. Gilmore,* 556 F.2d 1259, 1261 (5th Cir. 1977)).

As part of her evaluation, Dr. Campbell reviewed 1500 pages of Davis's mental health records, studied law enforcement reports, and interviewed various people who had interacted with Davis over the years. Dr. Campbell also evaluated and observed Davis over an extended period, during which she conducted extensive interviews and administered mental examinations. In contrast, Dr. Webb interviewed Davis for two hours, did not administer any tests, and reviewed only 50-60 pages of Davis's mental health records. The district court noted Dr. Webb's "very short interview" with Davis compared to Dr. Campbell's extensive examination. And, the district court found that Dr. Webb "wasn't familiar with some items in [Davis's] background . . . that he would have been familiar [with] if he had pursued a thorough investigation of" Davis's mental competency. Based on these findings, it is clear that the district court considered Dr. Webb's testimony, but found Dr. Campbell's to be more credible. The district court committed no reversible error when making this determination. Davis was therefore competent to enter into the plea agreement.[1]

---

[1] Davis further contends that the VA's determination under 38 U.S.C. § 511 that he was mentally incompetent and therefore qualified to receive disability benefits precluded the district court's finding that Davis was competent to enter into the plea agreement. We disagree. Davis cites no authority that requires a court, during criminal proceedings, to defer to agency determinations. Therefore, the district court did not err by finding Davis competent despite the VA's administrative determination.

No. 14-60880

II.

Having determined that the district court did not err in finding that Davis was competent to enter into the plea agreement, we turn to whether the waiver of appeal is enforceable. Whether a waiver of appeal found in a plea agreement bars appeal is reviewed de novo. *United States v. Jacobs*, 635 F.3d 778, 780-81 (5th Cir. 2011) (per curiam). "The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement." *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). To be valid, such a waiver must be (1) "knowing and voluntary," and (2) the waiver must "appl[y] to the circumstances at hand, based on the plain language of the agreement." *Jacobs*, 635 F.3d at 781 (quoting *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006)).

There is no dispute that the waiver applies to the circumstances at hand. Instead, the question is whether the waiver was knowing and voluntary. "For a waiver of appeal to be knowing and voluntary, [a] defendant must know that he had a right to appeal his sentence and that he was giving up that right. *Id.* (internal quotations and citations omitted). In other words, a defendant must "understand the consequences of the waiver." *Id.* (citing *United States v. Baty*, 980 F.3d 977, 980 (5th Cir. 1992)).

Davis knowingly and voluntarily waived the right to appeal his conviction and sentence. The district court engaged in an extended discussion with Davis regarding the charges brought against him. Davis stated that he understood and was bound by the plea agreement. Davis's counsel believed Davis to be competent and believed that Davis understood the consequences of entering the guilty plea. And, although the district court did not itself explain the waiver to Davis, the prosecuting attorney did, after which Davis said that he agreed with the government's description of the waiver.

No. 14-60880

There is no doubt that Davis knowingly and voluntarily waived his right to appeal. Because Davis stated on the record that he understood the terms of the waiver, and the district court was careful to ensure that Davis knowingly and voluntarily waived the right to appeal, the waiver is enforceable. Therefore, we dismiss Davis's remaining challenges to his conviction and sentence.

**CONCLUSION**

The district court's determination that Davis was competent to enter into the guilty plea is **AFFIRMED** and the remainder of the appeal is **DISMISSED** because Davis entered into a valid waiver of his right to appeal.