# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2026

Lyle W. Cayce
Clerk

No. 24-50858

United States of America,

*Plaintiff—Appellee*,

*versus*

Alex Barraza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-725-2

_____

Before Elrod, *Chief Judge*, and Higginbotham and Graves, *Circuit Judges*.

Per Curiam:*

Alex Barraza challenges his conviction and sentence on the grounds of mental incompetence. We AFFIRM the district court's determination that Barraza was competent to plead guilty, AFFIRM the denial of his motion to withdraw his guilty plea, and DISMISS his remaining claims as barred by his waiver of appeal.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50858

# I

Barraza was arrested in April 2021 and indicted on eleven charges related to drug trafficking, use and possession of firearms, aiding and abetting murder, and money laundering. In April 2022, he pleaded guilty to four counts. Two weeks later, Barraza's attorney moved to withdraw. He stated Barraza "plays games with me. I feel like one day he's completely understanding, we're able to talk about the case, we're able to discuss things, factual case, legal issues, and then within two weeks, he doesn't understand anything." The district court appointed Barraza a new attorney.

On the day Barraza was set to appear for sentencing in July 2022, his attorney moved to have a psychiatrist examine his mental competency. The district court granted the motion and cancelled sentencing. The following month, Dr. Cynthia Rivera evaluated Barraza via telemedicine and concluded he was not competent to stand trial and unlikely to be restored, and the district court signed an order finding Barraza was not competent.

In the two years that followed, Barraza was evaluated by five experts and hospitalized at two mental-health facilities for medical observation. The district court, after reviewing the expert reports, testimony of individuals that interacted with the defendant, and personally observing Barraza on numerous occasions, found Barraza competent in August 2024. The district court sentenced him to concurrent life sentences on the murder and methamphetamine-importation charges, a concurrent 20-year term on the money-laundering charge, and a consecutive 10-year term on the firearm charge.

Barraza appealed, and the government has moved to dismiss based on the waiver of appeal in Barraza's plea agreement. Barraza challenges (1) the validity of his waiver of appeal; (2) the district court's authority to hospitalize him under 18 U.S.C. § 4244 after he completed a period of

2

No. 24-50858

institutionalization under § 4241 without being restored to competency; (3) the district court's authority to hold a competency hearing in August 2024 and order Barraza competent to proceed to sentencing; and (4) the district court's denial of Barraza's motion to withdraw his guilty plea.

## II

As a threshold issue, we must determine whether Barraza's appeal is barred by the appellate waiver in his plea agreement. Barraza argues the waiver is unenforceable because he was mentally incompetent at the plea hearing and therefore unable to knowingly and voluntarily enter a guilty plea.

First, we evaluate whether the district court erred in finding Barraza competent. *See, e.g.*, *United States v. McKnight*, 570 F.3d 641, 644 n.1 (5th Cir. 2009) (finding appellate waiver did not foreclose defendant's ability to challenge his plea based on competency); *United States v. Davis*, 638 F. App'x 295, 298 (5th Cir. 2016) (unpublished) (same); *United States v. Freeze*, No. C.A. C-06-54, 2006 WL 1897238, at *4 (S.D. Tex. July 7, 2006) (unpublished) (reaching defendant's claim that he was incompetent at the time of his plea, despite the existence of an appellate waiver, because that claim could "potentially be grounds for invalidating the plea"). Our review of Barraza's competency also implicates his claim that the district court should have permitted him to withdraw his plea because it was not knowing and voluntary.[1] Then, we address the enforceability of his waiver of appeal and the viability of his remaining claims.

---

[1] Our court has often reviewed a denial of a motion to withdraw a guilty plea, despite a valid waiver, when the defendant asserts the plea was not knowing or voluntary (as Barraza does here). *See United States v. Conway*, 558 F. App'x 402, 403 (5th Cir. 2014) (unpublished) (finding challenge to denial of motion to withdraw guilty plea was not barred by plea agreement's appellate waiver because the waiver is invalid if the plea was not

No. 24-50858

## A

A defendant is competent to plead guilty if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *Godinez v. Moran*, 509 U.S. 389, 402 (1993). This requirement "has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." *Godinez*, 509 U.S. at 402.

We review "a district court's decision regarding competency of a defendant . . . 'as a mixed question of law and fact.'" *McKnight*, 570 F.3d at 648 (citation omitted). "Whether a defendant 'suffers from a mental disorder or incapacitating mental illness is a question of fact reviewed under the clearly erroneous standard.'" *Id.* (citation omitted). We "take[] a 'hard look' at the ultimate competency finding." *Id.* (citation omitted). And "we will reverse only if the finding was 'clearly arbitrary or unwarranted.'" *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (citation omitted). But our task is not "to relitigate the battle of the experts," *id.*, as the district court "ha[s] the authority to credit the testimony of one expert over another as long as they do not arbitrarily fail to consider the rejected testimony." *Davis*, 638 F. App'x at 298 (citing *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 894 (5th Cir. 1991)).

The record demonstrates Barraza's competence at the plea hearing in April 2022. Barraza answered the court's preliminary questions about his age and educational background, and neither counsel for Barraza nor the

---

voluntary and knowing (citing *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999))); *United States v. Arbuckle*, 390 F. App'x 412, 414–19 (5th Cir. 2010) (unpublished) (same).

government raised any concerns when asked if there was reason to question Barraza's competency. The court expressly found Barraza was competent.

The court proceeded to engage Barraza in an extended colloquy regarding the charges against him, the factual basis and potential punishment ranges for those charges, and the rights he relinquished by entering the plea agreement. And the court obtained Barraza's verbal affirmation—under oath—that he understood each of those charges, punishments, and foregone rights. Barraza affirmed that he signed and agreed to the written plea agreement, and he confirmed the validity of the factual allegations underlying his guilty plea. He demonstrated that he was listening and comprehending the plea colloquy when he asked the court to clarify a question and conferred with his attorney before answering. *Cf. United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) (stating defendant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining whether his plea was knowing and voluntary). And Barraza unequivocally pleaded guilty to four of the eleven charges pending against him.

Moreover, Barraza and his counsel raised no concerns about competency at his initial appearance, preliminary hearing, or arraignment. Nor does the Presentence Investigation Report (PSR) indicate that Barraza had disclosed signs of mental incompetence leading up to his guilty plea. The PSR details Barraza's admissions of leadership in a sophisticated drug-trafficking organization, having coordinated approximately 48 drug-smuggling operations and ordered "hits" on the victims in this case, along with his criminal history, which lacks any indication that prior criminal proceedings questioned his competency.

The PSR also discloses Barraza's history of anxiety and depression, and his representations that he is illiterate, took special-education courses,

and receives social security disability benefits. The PSR does not, however, indicate that his mental-health struggles and potential intellectual disability may render him incompetent in this cause. Indeed, the existence of a mental problem or illness is not determinative as to competency. *United States v. Sterling*, 99 F.4th 783, 803 (5th Cir. 2024); *cf. Davis*, 638 F. App'x at 298–99 n.1 (finding defendant competent despite his "past history of bizarre behavior" and the Department of Veterans Affairs' prior determination that "he was mentally incompetent and therefore qualified to receive disability benefits"); *McKnight*, 570 F.3d at 643–44 (finding defendant competent even though he "was diagnosed with and treated for paranoid schizophrenia, delusions, and major depression" prior to arrest).

The district court did not clearly err by finding Barraza competent when he pleaded guilty in April 2022. *See United States v. Teijeiro*, 79 F.4th 387, 392 (5th Cir. 2023) (affirming district court's finding that defendant was competent to plead guilty where defendant exhibited signs of incompetency only after the plea hearing, noting "the plain language of the plea agreement and [defendant's] testimony have a 'strong presumption of verity'" (citation omitted)); *Cothran*, 302 F.3d at 284 ("[W]e give the statements during the colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions.").

Turning to the district court's ultimate competency finding in August 2024, we find no error.[2] In the years that followed his plea, Barraza was

---

[2] We pause to consider whether we may review the district court's ultimate competency finding in August 2024, in addition to its initial finding at the plea hearing, despite Barraza's waiver. We find the waiver does not bar review of the ultimate competency finding. *McKnight* instructs us to "take[] a 'hard look' at the *ultimate* competency finding." 570 F.3d at 648 (emphasis added) (quoting *Moody v. Johnson*, 139 F.3d 477, 482 (5th Cir. 1998)); *see also United States v. Porter*, 907 F.3d 374, 380 (5th Cir. 2018) (requiring reviewing court to take a "hard look at the trial judge's ultimate conclusion" on competency). And *Drope v. Missouri* instructs trial courts to remain alert to

evaluated by five different mental-health experts at various times and places. Barraza's competency was first raised by his newly appointed counsel in June 2022, after probation delivered its PSR recommending the guideline-range sentence of life in prison. After evaluating Barraza via a telemedicine interview in August 2022, Dr. Rivera reported Barraza suffered from psychosis and a "mild intellectual disability," was not competent to stand trial, and could not be restored to competency. In the August 2022 competency hearing, Judge Briones stated, "I, quite frankly, don't totally agree with [Dr. Rivera]. I went and looked at the record when he entered a plea of guilty. There was no hint at all about any -- any problem with competency."

Despite Judge Briones's disagreement with Dr. Rivera, the court ordered Barraza committed to the custody of the Attorney General under 18 U.S.C. § 4241(d), and he was evaluated at a Bureau of Prisons (BOP) facility from February to June 2023. Dr. Drew Miller, a psychologist at the facility, submitted a report finding Barraza was incompetent at that time and unlikely to be restored within a reasonable period. Barraza moved to withdraw his guilty plea upon his return, and the district court denied the motion. From November to December 2023, Barraza was evaluated at another BOP facility

---

circumstances suggesting a change in the defendant's mental competency, recognizing a court's initial competency determination may change throughout the course of the litigation. *See* 420 U.S. 162, 181 (1975). In any case, we may pretermit whether a claim is barred by a waiver of appeal when the claim "is more easily resolved on the merits." *United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008); *see also United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018), *as revised* (Nov. 27, 2018) ("Fortunately, we do not need to resolve the appeal-waiver question here because this case is easily resolved on the merits."); *United States v. Castillo-Lopez*, No. 23-11099, 2025 WL 3043384, at *1–2 (5th Cir. Oct. 31, 2025) (unpublished) (same). Such is the case here.

pursuant to 18 U.S.C. § 4244.[3] There, Dr. Sarah Burton observed Barraza and reported that he suffered from a mild intellectual disability but did not require treatment unavailable at an ordinary BOP facility.

In March 2024, the district court heard testimony from (1) Barraza's co-conspirators about his leadership of the drug-trafficking organization, (2) the federal agent who conducted Barraza's post-arrest interview and stated he communicated fluidly and recalled specific facts that corroborated other evidence, and (3) Dr. Burton, who found Barraza self-sufficient, "pleasant[]," and that he "functioned really well." The court ordered a new competency evaluation, designating Dr. A. Marcelo Rodriguez-Chevres to evaluate Barraza and requesting Dr. Rivera to re-examine him.

That summer, Dr. Rodriguez-Chevres found Barraza suffered from a mild intellectual disability and was not competent "when taking the information that [Barraza] presented at face value." Dr. Rodriguez-Chevres, however, gave this opinion with reservations—he stated Barraza put little effort into answering his questions, and he encouraged the court to "consider the possibility of exaggerating his cognitive deficits with secondary gain, related to his present legal situation." And Dr. Rivera changed her opinion after conducting an in-person interview and reviewing additional materials, *i.e.*, the testimony of witnesses, the other experts' evaluations, and the materials from the criminal case. She now found Barraza competent to stand trial, although still suffering from a mild intellectual disability, and noted that he "feigned difficulty in answering basic questions."

In August 2024, the court heard testimony from a final expert, Dr. Christina A. Pietz, who reviewed all the prior expert reports and evidence

---

[3] Barraza challenges the district court's authority to order this evaluation under § 4244. We do not reach this issue.

from the criminal investigation. Dr. Pietz concluded Barraza was not just competent, but a "highly intelligent person motivated to protect himself and willing to orchestrate a case of malingering to escape his sentencing." The court also heard testimony from Barraza's jail mates that Barraza encouraged others to feign incompetence to get out of sentencing, and that they regularly saw him read and write.

By this point, nearly two-and-a-half years had passed since Barraza pleaded guilty. During that time, Barraza was evaluated by a litany of experts and hospitalized at two mental-health facilities. The court received all these reports and heard testimony from many people familiar with Barraza's competency before his arrest and throughout his incarceration. At the final competency hearing, Judge Briones stated, "I have always been under the impression that Mr. Barraza was competent," and that "he fully understood everything from the very, very beginning." In the order finding Barraza competent, the court states it considered the following evidence in reaching its decision: (1) "Defendant's mental health reports and previous competency evaluations[;]" (2) the transcripts "from the previous mental health hearing" in March 2024 and "Defendant's original plea hearing" in April 2022; (3) testimony from expert and lay witnesses, including persons familiar with the defendant's behavior; (4) counsel's arguments; and (5) "the entire court record."

Considering the well-developed record of "[the district court's] own observations of the defendant's demeanor and behavior; medical testimony; and the observations of other individuals that have interacted with the defendant," we conclude the district court's ultimate finding that Barraza was competent is not clearly arbitrary or unwarranted. *Porter*, 907 F.3d at 380–82 (citation omitted); *see also McKnight*, 570 F.3d at 648 (finding district court did not clearly err when it weighed the evaluations of three experts— two of which deemed the defendant incompetent, while the final expert

No. 24-50858

found him competent—and accepted the recommendation of the final expert).

**B**

Next, we determine whether the district court erred in denying Barraza's motion to withdraw his guilty plea, as this claim also hinges on his competency. A criminal defendant must offer a "fair and just reason" for withdrawing his plea before sentencing. FED. R. CRIM. P. 11(d)(2)(B). We review the denial of a motion to withdraw a guilty plea for abuse of discretion, and we consider the following factors in light of the totality of the circumstances:

> (1) [W]hether [Barraza] asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion was granted; (3) whether [Barraza] delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to [Barraza]; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*McKnight*, 570 F.3d at 645–46 (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)).

We find the district court did not abuse its discretion in denying Barraza's plea withdrawal. In that order, the district court: (1) invokes the correct legal standards—Rule 11(d)(2)(B), *Carr*, and *Dusky*, among others; (2) analyzes the expert reports by Drs. Rivera and Miller (the only medical testimony in the record at the time, which found Barraza had depression and a mild intellectual disability), and notes these evaluations were done "months *after* Defendant pleaded guilty in April 2022[;]" (3) reviews the plea hearing transcript, citing the relevant portions of the plea colloquy which support the court's conclusion that Barraza was competent at the hearing; and (4) assesses each of the *Carr* factors, even though Barraza's motion to

withdraw his plea failed to address *Carr*, and found all seven factors weighed against him.

As the district court addressed all the relevant considerations and explained why it credited evidence from the plea colloquy over the medical testimony in concluding the plea was knowing and voluntary, the district court did not abuse its discretion in denying Barraza's motion to withdraw his guilty plea.

## C

Having concluded the district court did not err in finding Barraza competent, we turn now to the enforceability of the waiver of appeal in his plea agreement.

We review *de novo* the preclusive effect of an appellate waiver. *United States v. Jacobs*, 635 F.3d 778, 780–81 (5th Cir. 2011). A waiver is valid so long as it is (1) "knowing and voluntary" and (2) "applies to the circumstances at hand, based on the plain language of the agreement." *Id.* at 381 (citation omitted). "We apply ordinary principles of contract interpretation, construing waivers narrowly and against the [g]overnment." *United States v. Strother*, 977 F.3d 438, 442 (5th Cir. 2020) (alteration in original) (internal quotation marks and citation omitted).

The waiver applies to the circumstances at hand, as Barraza's claims do not fall within the plea agreement's narrow exceptions for claims of constitutional violations based on ineffective assistance of counsel or prosecutorial misconduct. Accordingly, our inquiry is confined to whether his waiver was knowing and voluntary.

"For a waiver of appeal to be knowing and voluntary, [a] defendant must know that he had a right to appeal his sentence and that he was giving up that right." *Jacobs*, 635 F.3d at 781 (internal quotation marks and citation omitted). "If the district court accurately explains the terms and

consequences of the waiver of appeal and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*; *see also Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) ("If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review."), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

The record demonstrates that Barraza knowingly and voluntarily waived his right to appeal his conviction and sentence. The district court asked Barraza if he understood that he "substantially limited [his] rights to file an appeal" by entering the plea agreement with the government, and Barraza answered "Yes, sir." The court further explained to Barraza that by signing the plea agreement, he "knowingly and voluntarily" waived his right to appeal his sentence but retained his right to appeal based on claims of ineffective assistance of counsel or prosecutorial misconduct. Barraza and his attorney affirmed that Barraza signed and agreed to the plea agreement as described. And Barraza confirmed that he was not coerced to do so.

Considering the record before us, we do not doubt Barraza understood the consequences of his waiver of appeal. He "has failed to adduce sufficient facts to show that there is reason to doubt his competence or to show that his plea was otherwise involuntary." *United States v. Gibson*, 204 F. App'x 388, 389 (5th Cir. 2006) (unpublished). Accordingly, we dismiss Barraza's remaining challenges to his conviction and sentence as barred by his waiver of appeal. *See Todd v. United States*, 418 F.2d 134, 135 (5th Cir. 1969) ("This court need not consider appellant's remaining allegations, since a guilty plea that is understandingly and knowingly made is a waiver of all prior non-jurisdictional defects.").

No. 24-50858

### III

We AFFIRM the district court's finding that Barraza was competent to stand trial, AFFIRM the denial of Barraza's motion to withdraw his guilty plea, and DISMISS Barraza's remaining claims as barred by his valid and enforceable waiver of appeal.