# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-60704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERBERT JEROME TOWNSEND, also known as Smurf, also known as Papa Smurf,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-118-1

————

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Herbert Jerome Townsend challenges the 384-month sentence he received following his guilty plea conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. He asserts that the district court erred in assessing the relevant drug quantity in order to determine the base offense level and that he should not have received a four-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level leadership enhancement. He also contends that his trial counsel rendered ineffective assistance in conjunction with the plea proceedings, although he does not seek to overturn his guilty plea. Relying on the appellate waiver in the plea agreement, the Government seeks dismissal of the appeal or, alternatively, summary affirmance of the district court's judgment. Townsend contends that the waiver should not bar his appeal in light of counsel's ineffectiveness and his belief that he had retained his right to appeal.

We review the validity of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The waiver provision broadly waived Townsend's right to appeal his conviction and sentence, without reservation. The record of the rearraignment shows that the waiver was knowing and voluntary, as Townsend knew he had the right to appeal and that he was giving up that right in the plea agreement. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Although Townsend now contends that his attorney did not in fact fully explain to him the consequences of his plea or the waiver provision, the record was not adequately developed before the district court to permit a fair evaluation of the claim on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Because the plain language of the waiver provision applies to Townsend's appellate challenges, and because the record reflects that Townsend understood the rights that he was waiving, we will enforce the waiver and DISMISS the appeal. *See* 18 U.S.C. § 3742(a)(2); *United States v. Bond*, 414 F.3d 542, 544, 546 (5th Cir. 2005). The Government's motion to dismiss is GRANTED, and its alternative motion for summary affirmance is DENIED.