# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

BENJAMIN DOUGLAS GUIDRY,

   Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CR-1-1

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

  Benjamin Douglas Guidry appeals the sentence imposed following his guilty plea conviction for two counts of sexual exploitation of children and one count of making a false claim against the United States. Guidry argues that: (1) his counsel was constitutionally ineffective for advising him to accept the plea agreement, and (2) his 600 month sentence is substantively unreasonable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40705

The Government moves for summary dismissal of the appeal based upon the appeal waiver in Guidry's plea agreement or, alternatively, for an extension of time to file a brief.

We review the validity of an appeal waiver de novo. *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002). The written plea agreement and the rearraignment transcript reflect that Guidry knowingly and voluntarily agreed to the appeal waiver, making the appeal waiver enforceable. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Guidry's challenge to his sentence does not fall within the exception to the appeal waiver for a claim of ineffective assistance of counsel. Accordingly, the appeal is barred by the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

As to Guidry's claim of ineffective assistance of counsel, the record is not sufficiently developed to permit direct review of this claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Because that is usually the case, a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003).

The appeal is therefore DISMISSED without prejudice to Guidry's right to pursue an ineffective assistance of counsel claim in a § 2255 proceeding. We GRANT the Government's motion to dismiss the appeal, and we DENY the Government's alternative motion for an extension of time to file a brief.