# United States Court of Appeals for the Fifth Circuit

No. 24-60512
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BEN BERNARD CASTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CR-13-1

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ben Bernard Caston pled guilty to possessing a firearm as a convicted felon and was sentenced under the Armed Career Criminal Act to 188 months in prison. The district court imposed the sentence to run consecutively to the sentence imposed upon revocation of his supervised release in another case. Caston challenges the reasonableness of requiring

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60512

him to serve the sentences consecutively. Relying on the appeal waiver in his plea agreement, the Government moves to dismiss the appeal. We review the enforceability of an appeal waiver de novo. *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

Caston correctly concedes that his appeal waiver is valid and enforceable under controlling circuit precedent. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Though he urges us to deny the Government's motion to dismiss based on the reasoning of the concurring opinion in *United States v. Melancon*, 972 F.2d 566, 571–79 (5th Cir. 1992) (Parker, J., concurring), he acknowledges that overruling circuit precedent would require action by the en banc court or the Supreme Court, *see United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010). Because the plain language of the waiver applies to the sole issue raised in this appeal, the Government's motion is GRANTED, and the appeal is DISMISSED. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006). The Government's alternative motion for summary affirmance is DENIED.